UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

JACK OWENS and KATHY OWENS,

    Plaintiffs,

v.

EASY STORE-IT, INC., a Florida corporation;
THE BENSON LIVING TRUST, a Florida Trust,
and LINDA RAE BENSON, an individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

Plaintiffs, JACK OWENS ("J. OWENS") and KATHY OWENS ("K. OWENS") by and through their undersigned attorney, files this, his Complaint for Damages against Defendants, EASY STORE-IT, INC., a Florida corporation (hereinafter, "EASY"); THE BENSON LIVING TRUST (hereinafter, "TRUST"), a legal Trust organized under the laws of Florida, and LINDA RAE BENSON (collectively, "the Defendants"), and states as follows:

## INTRODUCTION

1. This is an action by Plaintiff to recover unpaid minimum wage under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"). Plaintiff, JACK OWENS, also brings a claim for minimum wages under the Florida Minimum Wage Amendment ("FMWA"), Article X, §24 of the Florida Constitution.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

3. At all times pertinent to this Complaint, the Defendants were involved in operating a self-storage and office rental facility.

4. At all times pertinent to this Complaint, the Defendants regularly owned and operated a business enterprise, respectively, engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

5. At all times material hereto, TRUST was a covered enterprise under the FLSA.

6. At all times material hereto, EASY was a covered enterprise under the FLSA.

7. Plaintiffs' work at the Defendants self-storage and office rental facility, involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. These materials included office supplies, telephones, office supplies, tools, electronic equipment, paper, locks, keys, and other materials necessary for the operation/cleaning of self-storage units. These materials were manufactured outside the State of Florida.

8. In addition to the foregoing, K. OWENS is entitled to the protections of the FLSA as she was "individually covered" by that statute. During her employment, she was required to use instrumentalities of interstate commerce on a regular and recurrent basis. The Plaintiff used instrumentalities of interstate commerce (telephone, mail) on a regular and recurrent basis to, *inter alia,* assist in the operating of the Defendants' storage and office-rental business, particularly as to persons outside the State of Florida.

9. In addition to the foregoing, J. OWENS is entitled to the protections of the FLSA as he was "individually covered" by that statute. During his employment, he was required to use instrumentalities of interstate commerce on a regular and recurrent basis. The Plaintiff used instrumentalities of interstate commerce (telephone, mail) on a regular and recurrent basis to, *inter*

*alia,* assist in the operating of the Defendants' storage and office-rental business, particularly as to persons outside the State of Florida.

10. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

11. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## VENUE

12. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida and,

    b. Defendants were and continue to be a corporation and individuals doing business within this judicial district.

## PARTIES

13. At all times material hereto, Plaintiffs were residents of Duval County, Florida, and were "employees" of EASY within the meaning of the FLSA.

14. At all times material hereto, Plaintiffs were residents of Duval County, Florida, and were "employees" of TRUST within the meaning of the FLSA.

15. TRUST and EASY operated as a single, unified enterprise.

16. At all times material hereto, the Defendants were conducting business in Duval County, Florida.

17. At all times set forth herein, TRUST was an employer of the Plaintiffs.

18. At all times set forth herein, EASY was an employer of the Plaintiffs.

19. At all times set forth herein, EASY was an "employer" within the meaning of the FLSA, the Florida Minimum Wage Amendment (FMWA), Article X, §24 of the Florida Constitution.

20. At all times set forth herein, TRUST was an "employer" within the meaning of the FLSA, the Florida Minimum Wage Amendment (FMWA), Article X, §24 of the Florida Constitution.

21. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendants.

22. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

23. Commencing in about September 2011 Plaintiff, J. OWENS was employed by EASY to provide a variety of services related to the operation of a self-storage business.

24. Commencing in about September 2011 Plaintiff, K. OWENS was employed by EASY to provide a variety of services related to the operation of a self-storage business.

25. Commencing in about September 2011 Plaintiff, J. OWENS was employed by TRUST to provide a variety of services related to the operation of a self-storage business.

26. Commencing in about September 2011 Plaintiff, K. OWENS was employed by TRUST to provide a variety of services related to the operation of a self-storage business.

27. EASY did not maintain records reflecting the hours worked each day and each week by J. OWENS.

28. EASY did not maintain records reflecting the hours worked each day and each week by K. OWENS.

29. TRUST did not maintain accurate records reflecting the hours worked each day and each week by J. OWENS.

30. TRUST did not maintain accurate records reflecting the hours worked each day and each week by K. OWENS.

31. The Plaintiff, J. OWENS, was not paid wages, cash-in-hand, by the Defendants.

32. Defendant, LINDA RAE BENSON was a supervisor and manager/owner who was involved in the day-to-day operations of EASY and TRUST, and was directly responsible for the supervision of Plaintiffs. Therefore, she is personally liable for the FLSA and FMWA violations.

33. Defendant, LINDA RAE BENSON was directly involved in decisions affecting employee compensation and/or hours worked by the Plaintiffs.

34. Plaintiffs have retained Bober & Bober, P.A. to represent them in this litigation and has agreed to pay the firm a reasonable fee for its services

## STATEMENT OF CLAIM:

## COUNT I (BY JACK OWENS)

## VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

35. Plaintiff J. OWENS realleges Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. Plaintiff, J. OWENS' employment with EASY was to consist of work for which he was to be compensated at or above the FLSA minimum wage.

37. Plaintiff, J. OWENS' employment with TRUST was to consist of work for which he was to be compensated at or above the FLSA minimum wage.

38. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid his minimum wages.

39. During Plaintiff, J. OWENS's employment, Defendants paid him less than the statutory minimum wage for his work hours.

40. The Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiff, J. OWENS.

41. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

    WHEREFORE, Plaintiff, J. OWENS, respectfully requests:

    a.    judgment in his favor for all unpaid minimum wages due;

    b.    liquidated damages;

    c.    attorneys' fees and costs pursuant to the FLSA;

    d.    post-judgment interest; and

    e.    all other and further relief this Court deems to be just and proper.

## COUNT II (BY JACK OWENS)

## VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

42. Plaintiff, J. OWENS, realleges Paragraphs 1 through 34 as if fully stated herein.

43. Pursuant to Article X, Section 24 of the Florida Constitution, EASY was required to pay Plaintiff, J. OWENS, at least the applicable Florida minimum wage.

44. Pursuant to Article X, Section 24 of the Florida Constitution, TRUST was required to pay Plaintiff, J. OWENS, at least the applicable Florida minimum wage.

45. During Plaintiff, J. OWENS' employment, EASY paid him less than the statutory minimum wage for his work hours.

46. During Plaintiff, J. OWENS' employment, TRUST paid him less than the statutory minimum wage for his work hours.

47. EASY acted willfully in paying Plaintiff below the minimum wage.

48. TRUST acted willfully in paying Plaintiff below the minimum wage.

WHEREFORE, Plaintiff J. OWENS respectfully requests that judgment be entered in his favor against the Defendants:

    a. Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

    b. Awarding Plaintiff all back wages due and owing in the amount calculated above;

    c. Awarding Plaintiff liquidated damages in the amount equal to his back wages;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

    e. Awarding Plaintiff prejudgment and post-judgment interest;

    g. Awarding such other and further relief this Court deems to be just and proper.

## COUNT III (BY KATHY OWENS)

## VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

49. Plaintiff K. OWENS realleges Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

50. Plaintiff, K. OWENS' employment with EASY was to consist of work for which she was to be compensated at or above the FLSA minimum wage.

51. Plaintiff, K. OWENS' employment with TRUST was to consist of work for which she was to be compensated at or above the FLSA minimum wage.

52. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid her minimum wages.

53. During Plaintiff, K. OWENS' employment with EASY, EASY paid her less than the statutory minimum wage for her work hours.

54. During Plaintiff, K. OWENS' employment with TRUST, TRUST paid her less than the statutory minimum wage for her work hours.

55. The Defendants acted willfully in failing to pay proper minimum wages to the Plaintiff, K. OWENS.

56. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff, K. OWENS, respectfully requests:

a.   judgment in her favor against the Defendants for all unpaid minimum wages due;

b.   liquidated damages;

c.   attorneys' fees and costs pursuant to the FLSA;

d.   post-judgment interest; and

e.   all other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date:  September 25, 2020.

> Respectfully submitted,
> BOBER & BOBER, P.A.
> Attorneys for Plaintiff
> 2699 Stirling Road, Suite A-304
> Hollywood, FL 33312
> Phone: (954) 922-2298
> Fax: (954) 922-5455
> peter@boberlaw.com
>
> By:     /s/.Peter Bober
>           FBN:  0122955