UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:20-CV-01085

JACK OWENS and KATHY OWENS,

    Plaintiffs,

v.

EASY STORE-IT, INC., a Florida corporation;
THE BENSON LIVING TRUST, a Florida Trust,
and LINDA RAE BENSON, an individual,

    Defendants.
_____/

**JOINT MOTION FOR JUDICIAL APPROVAL OF THE PARTIES' SETTLEMENT AGREEMENT AND FOR DISMISSAL WITH PREJUDICE**

Plaintiffs JACK OWENS and KATHY OWENS and Defendants, EASY STORE-IT, INC., THE BENSON LIVING TRUST, and LINDA RAE BENSON, by and through the undersigned counsel, hereby respectfully request that the Court approve the parties' settlement agreement and dismiss this action with prejudice. In support of this Motion, the parties' state as follows:

On September 25, 2020, Plaintiffs filed their Complaint against Defendants alleging minimum wage violations of the Fair Labor Standards Act. Plaintiff, JACK OWENS, only, also alleged a minimum wage violation of the Florida Constitution, Article X § 24 (the Florida Minimum Wage Amendment ("FMWA")). The Defendants filed their Motion to Dismiss on October 16, 2020.

This case arises from work Plaintiffs allegedly performed while working as on-site, live-in, property managers for the Defendants' self-storage warehouse business. The Plaintiffs allege they were paid below the minimum wage due to the number of hours they were working, and

because they had to pay for the apartment where they resided on the Defendants' property. The effect of having to pay for the apartment, meant that the Plaintiffs did not receive minimum wages free and clear. The Defendants vehemently disagree that any violation of state or federal law occurred at any time, and to the contrary, argue they complied with the FLSA at all times.

Notwithstanding, the Parties have resolved this case due to a series of factual disputes, which include:

(1) Whether the Defendants are even subject to the FLSA. The Defendants have produced tax returns showing that the subject storage business did not gross $500,000 in annual revenue and, is *not* an FLSA "covered enterprise."

(2) Whether, assuming there is no "enterprise coverage," if the Plaintiffs are "individually" covered by the FLSA. The Plaintiffs allege they had to use instrumentalities of interstate commerce (mail/telephone) as part of their jobs. The Defendants disagree that the Plaintiffs used instrumentalities of interstate commerce, or if they did, it was rare and sporadic.

(3) Whether Defendant, LINDA R. BENSON, has individual liability as an "employer" under the FLSA;

(4) Whether if the Plaintiffs prevail, they will be entitled to liquidated damages;

(5) Whether BENSON LIVING TRUST is deemed an "employer" under the FLSA;

(6) Whether Defendants, BENSON LIVING TRUST and EASY STORE-IT operate as a unified enterprise;

(7) the number of hours worked per shift by the Plaintiff, whether Defendants' recordkeeping complies with the FLSA, and whether the Defendants' alleged violation of the FLSA was willful.

(8) Whether in this COVID-19 environment prolonged litigation is in anyone's best interests as it depletes the Defendants strained resources which could otherwise be spent resolving this matter.

(9) Whether the Defendants retaliated against the Plaintiffs—who were still employed on the date on which their attorney sent several pre-suit demand letters—for engaging in FLSA protected activities.  The Defendants deny ever engaging in such conduct, but recognize the factual driven nature of retaliation claims.  Therefore, part of the Parties' settlement includes resolution of a *contemplated* amendment to the Complaint by Plaintiffs which *would have* asserted claims of retaliation under the FLSA and FMWA.

Under the terms of settlement, set forth in **Exhibit A**, the Defendants have agreed to pay **$34,155.00** as follows:

1. $7,300.00 for Plaintiff's attorneys' fees and costs including extensive pre-suit negotiations with Defendants for all claims.  The Settlement Agreement states: "The Parties agree that the attorneys' fees and costs being paid hereunder were negotiated as a separate amount from the amounts paid to Plaintiffs;"  *See* Settlement Agreement at 2.
2. $4,500.00 to Kathy Owen in back W-2 wages;
3. $4,500.00 to Kathy Owens as alleged liquidated damages;
4. $4,500.00 to Jack Owen in back W-2 wages;
5. $4,500.00 to Jack Owens as alleged liquidated damages;
6. $2,655.00 to Jack Owens in exchange for him releasing all claims for retaliation under the FLSA or comparable state laws;

7. $6,200.00 to Kathy Owens in exchange for releasing all claims for retaliation under the FLSA or comparable state laws.

Ultimately, the Defendants maintain that the Plaintiffs were properly paid at all times and no violation of the FLSA or FMWA occurred. Due to the number of factual disputes, along with the fact that the Defendants own a small business and do not have endless financial resources, settlement is appropriate at this juncture.

Significantly, the Defendants have challenged the jurisdiction of the Court. The Defendants have produced tax returns showing a lack of the FLSA's $500,000 threshold, and also argue that the Plaintiffs cannot show they were "individually engaged in commerce." If correct that the Court has no jurisdiction over the minimum wage claims, the Plaintiffs would be entitled to nothing.

Ultimately, the Plaintiffs and Defendants assert that all parties have made good faith arguments and that they have reached a fair and reasonable resolution of a bona fide dispute over the provisions of the FLSA. The settlement takes into account the uncertainty of trial and other factors weighing for and against the Plaintiff. The amount payable to Plaintiffs is fair and equitable taking into account all factors, including the probability of success on the merits, the aforementioned range of possible recovery, and counsel's respective opinions. The agreement fairly and reasonably compromises and takes into account each party's interest, benefits, and rights, pursuant to the criteria and policy considerations set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

WHEREFORE, the Plaintiff and Defendants hereby respectfully move for approval of the settlement and for entry of order reflecting their agreement to dismiss this action with prejudice.

Respectfully submitted this 28th day of October 2020 by,

| BOBER & BOBER, P.A. | SMITH, GAMBRELL & RUSSELL, LLP |
|---|---|
| /s/ Peter Bober, Esq.<br>Fla. Bar # 0122955<br>Bober & Bober, P.A.<br>peter@boberlaw.com<br>1930 Tyler Street<br>Hollywood, Florida 33020<br>Tel. (954) 922.2298<br>Fax. (954) 922.5455<br><br>*Counsel for Plaintiffs* | /s/ Yash Dave, Esq.<br>Alan S. Wachs (FL Bar No. 980160)<br>Yash B. Dave (FL Bar No. 0068573)<br>50 N. Laura Street, Suite 2600<br>Jacksonville, Florida 32202<br>Telephone: (904) 598-6115<br>Facsimile: (904) 598-6215<br>E-mail: ydave@sgrlaw.com<br>E-mail: awachs@sgrlaw.com<br><br>*Counsel for Defendants* |